SAVOY, Judge.
This is a suit by a husband and wife to have the wife’s homestead exemption of $4,000.00 recognized. The record reveals that Leroy LeBlanc executed a promissory note on October 14, 1959, in the sum of $15,000.00 giving as security therefor a real estate mortgage on property allegedly constituting the family home, which mortgage was not signed by his wife. Subsequent to the granting of the mortgage by Mr. LeBlanc, on April 26, 1963, Mrs. Le-Blanc executed, and on May 3, 1963, filed for record an instrument in which she recognized the act of mortgage previously executed by her husband, and in which she expressly waived and abandoned “all her rights of homestead and exemptions on the property therein mortgaged established in her favor by the Constitution and laws of this State and in particular those secured to her under Article 11 of the Constitution in favor of the mortgagee and the future holders of said promissory note.” The promissory note dated October 14, 1959, was paraphed “ne varietur” for identification with the Act of Homestead Waiver dated April 26, 1963.
On October 14, 1964, Albert LeBlanc filed suit against Leroy LeBlanc to recover the sum of $15,000.00 and to have the real estate under mortgage seized and sold. Judgment was rendered by the trial court on January 14, 1965, confirming the preliminary default previously entered, awarding judgment in favor of Albert LeBlanc against Leroy LeBlanc in the sum of $15,-000.00, recognizing the special lien and mortgage on the mortgaged property and ordering the property sold at public auction with the benefit of appraisement. On February 3, 1967, counsel for Albert Le-Blanc requested the Clerk of Court to issue a writ of fieri facias and have the property sold. On March 6, 1967, Mrs. Leroy (Della Meche LeBlanc) LeBlanc filed a document in the suit record in the nature of an intervention and pleading seeking to have her homestead exemption recognized, but service was never requested upon anyone nor was it made upon anyone. On March 29, 1967, the mortgaged property was sold at public auction for the sum of $9,100.00.
Thereafter on August 25, 1967, Leroy LeBlanc filed a new suit in Acadia Parish *543 against Albert LeBlanc seeking to recover $4,000.00 on his own behalf and on behalf of his wife as the statutory amount exempted from sale under the laws of Louisiana. After defendant filed an exception of no cause or right of action, plaintiff filed a supplemental and amended petition deleting his name as a petitioner and substituting his wife, Della Meche LeBlanc, as plaintiff. Then the defendant filed an answer waiving his right to an objection of improper venue, alleging that Mrs. LeBlanc did not need to sign the mortgage since the property was the separate property of her husband, expressly pleading Mrs. LeBlanc’s waiver of all her rights of homestead and exemption. Defendant, by supplemental answer, plead that Mrs. LeBlanc waived any rights to be paid out of the disbursement proceeds insofar as she did not appear in the seizure, suit, sale nor distribution of proceeds of the sale to assert her alleged rights; and alternatively plead that all monies received were to pay bonafide creditors.
After a trial on the merits judgment was rendered against Mrs. Della Meche Le-Blanc, the court being of the opinion that Mrs. LeBlanc effectively waived any rights to her homestead by signing and recording the act of waiver. From the judgment of the trial court plaintiff has appealed contending that the trial court erred: (1) in holding that a waiver of homestead and exemption rights executed subsequent to the execution of an act of mortgage may effectively deprive a wife, who has filed a declaration of homestead of her homestead and exemption rights under the Louisiana Constitution; and (2) in holding that a judgment on which the foreclosure sale was based, which did not mention any waiver of the homestead exemption, was sufficient to deprive the claimant of the homestead exemption when the proceeds of the foreclosure sale were distributed.
In urging reversal of the trial court’s decision, plaintiff argues that Mrs. LeBlanc was not a party to the original mortgage executed by her husband, and that under Article 11, Section 3 of the Louisiana Constitution, the waiver is not effective unless signed by the wife and recorded in the Mortgage Records of the parish where the property is located; and that Article 11, Section 3 of the Louisiana Constitution requires the wife’s waiver to be executed concurrently with the husband. In the alternative, plaintiff argues that since the judgment upon which the foreclosure was based did not mention the waiver executed by Mrs. LeBlanc, she was entitled to the exemption and the $4,000.00 exemption returned.
Article 11, Section 3 of the Louisiana Constitution provides as follows:
“The right to sell voluntarily any property that is exempt as a homestead shall be preserved; but no sale shall destroy or impair any rights of creditors thereon. Any person entitled to a homestead may waive same, in whole or in part, by signing a written waiver thereof; provided, that if such person be married, and not separated from bed and board from the other spouse, then the waiver shall not be effective unless signed by the latter; and all such waivers shall be recorded in the mortgage records of the parish where the homestead is situated. Such waiver may be either general or special, and shall have effect from the time of recording.”
Although the question presented for determination appears to be res nova, and counsel for neither party has cited any cases in point, we are of the opinion that the trial court correctly decided the case.
Article 11, Section 3 of our Constitution states that any person entitled to a homestead may waive the same in whole or in part by signing a written waiver thereof, and that the waiver may be either general or special. Albeit that the same section says that if a person is married and not separated from bed and board from the other spouse, that the waiver shall not be effective unless signed by the other spouse, nowhere does it dispute the idea that the *544 waiver could be effected in a separate instrument.
In the case at bar Mrs. LeBlanc executed a formal authentic act of waiver and abandonment of her homestead rights and exemptions insofar as the property previously mortgaged by her husband. The promissory note was also paraphed “ne varietur” for identification with the act of homestead waiver. The waiver was recorded in the mortgage records of the parish wherein the property was located. Under these circumstances we think it would be grossly inequitable to give the construction asked for by appellant, and we hold that appellant is estopped from claiming the homestead exemption. Having thus found the waiver executed by the wife to be effective it is unnecessary to discuss the other arguments presented by counsel.
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.